Ilan D. Scharf
Jeffrey P. Nolan (Pro Hac Vice pending)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
ischarf@pszjlaw.com
jnolan@pszjlaw.com

*Counsel for the Plaintiff,*
*Howard M. Ehrenberg in his capacity*
*as Liquidating Trustee of Orion Healthcorp, Inc., et al.*,

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| ORION HEALTHCORP, INC[1]. | Case No. 18-71748 (AST) |
| Debtors. | (Jointly Administered) |
| HOWARD M. EHRENBERG IN HIS CAPACITY AS LIQUIDATING TRUSTEE OF ORION HEALTHCORP, INC., ET AL., | Adv. Pro. No. 20-_____ (AST) |
| Plaintiff, | |
| v. | |
| PORTECK CORPORATION; VISIENT CORP D/B/A. PORTECK CORPORATION, | |
| Defendant. | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the Debtors listed above is 1715 Route 35 North, Suite 303, Middletown, NJ 07748.

**COMPLAINT FOR AVOIDANCE AND RECOVERY
OF PREFERENTIAL TRANSFERS
<u>PURSUANT TO 11 U.S.C. §§ 547 & 550 AND OBJECTION TO CLAIM NO. 10059,
10060, AND 10069</u>**;

Plaintiff, Howard M. Ehrenberg in his capacity as Liquidating Trustee of Orion Healthcorp, Inc., et al., (the "<u>Plaintiff</u>" or the "<u>Liquidating Trustee</u>"), for the estates of the above-captioned debtors in the above-captioned cases pending under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), by and through its undersigned counsel, as and for its *Complaint For Avoidance And Recovery Of Preferential Transfers Pursuant To 11 U.S.C. §§ 547 & 550 And Objection To Claim No. 10059, 10060, And 10069* (the "<u>Complaint</u>") against the above-captioned defendant (the "<u>Defendant</u>"), alleges as follows:

**THE PARTIES**

1. Plaintiff is the Liquidating Trustee under that certain Liquidating Trust Agreement by and among Orion HealthCorp, Inc., Constellation Healthcare Technologies, Inc. and certain of their affiliates.

2. Defendant Porteck Corporation is corporation organized in accordance with the laws of the state of New York and presently doing business as Visient Corporation ("Defendant").

**STANDING**

3. On March 16, 2018, each of the Debtors except New York Network Management, LLC ("<u>NYNM</u>") filed a voluntary petition with the United States Bankruptcy Court for the Eastern District of New York (the "<u>Bankruptcy Court</u>") under chapter 11 of the Bankruptcy Code and NYNM commenced its voluntary petition on July 5, 2018 (collectively, the "<u>Debtors</u>"). The Debtors' cases are jointly administered for administrative purposes only [Docket Nos. 34 and 381].

4. On February 26, 2019, the Honorable Alan S. Trust, United States Bankruptcy Judge for the Eastern District of New York, entered an order (the "Confirmation Order") [Docket No. 701] confirming the Debtors' Third Amended Joint Plan Of Liquidation (the "Plan").

5. The Plan provides, among other things, for the formation of the Liquidating Trust and the appointment of the Liquidating Trustee on the Effective Date (as that term is defined in the Plan) to oversee distributions to holders of Allowed Claims and Allowed Interests and to pursue retained Causes of Action of the Debtor's Estates. The Effective Date occurred on March 1, 2019.

6. The Plan provides that the Liquidating Trustee shall have the authority and responsibility to, among other things, receive, manage, invest, supervise, and protect the Liquidating Trust Assets, including all Causes of Action, of the Debtors.

## JURISDICTION AND VENUE

7. The Bankruptcy Court has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a).

8. This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

9. Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

10. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BASIS FOR RELIEF REQUESTED

11. This adversary proceeding is initiated pursuant to Rules 7001(1), (2) and (9) and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to avoid and recover, pursuant to sections 502, 544, 547 and 550 of the Bankruptcy Code, made applicable herein pursuant to section 544 of the Bankruptcy Code, certain avoidable transfers that were made by the Debtors to the Defendant prior to the Petition Date, and to object to any sums being paid to the Defendant until such sums are returned.

## FACTS

12. Prior to the commencement of these bankruptcy cases, the Debtors were a consolidated enterprise of several companies aggregated through a series of acquisitions, which operated in the following businesses: (a) outsourced revenue cycle management for physician practices, (b) physician practice management, (c) group purchasing services for physician practices, and (d) an independent practice association business, which is organized and directed by physicians in private practice to negotiate contracts with insurance companies on their behalf while such physicians remain independent and which also provides other services to such physician practices.

13. During the course of the parties' relationship, the Defendant provided medical billing and outsourcing services to the Debtors. The services were rendered and the Debtors were billed for past services by invoice.

14. The Debtors, made transfers directly to the Defendant in the total amount of $630,388, within the 90 days prior to the Petition Date (the "Transfers"). The details of the transfers are set forth on Exhibit A, which is attached hereto and incorporated by reference.

15. On or about July 2, 2018, Defendant filed the following general unsecured claims: claim no. 10059 in the amount of $1,000,000; claim no. 10060 in the amount of $1,150,947; and claim no. 10069 in the amount $106,286.34, (the "Filed Claims"), a copy of which is attached hereto as Exhibit B.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers—11 U.S.C. § 547)**

16. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

17. Within the ninety days prior to the Petition Date, the identified Debtor made the Transfers to Defendant in the total amount of $630,388, as more specifically identified in Exhibit A.

18. Each of the Transfers to the Defendant was a transfer of property of the identified Debtor.

19. Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

20. The Defendant was a creditor of the identified Debtor (within the meaning of 11 U.S.C. § 110(10)) at the time each of the Transfers was made or, alternately, received the Transfers for the benefit of a creditor or creditors of the identified Debtor.

21. Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the identified Debtor to the Defendant before the Transfer was made.

22. Each of the Transfers was made while the identified Debtor was insolvent. The identified Debtor is presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

23. Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the transfers and/or payments had not been made, and (ii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

24. As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff though such amounts have been demanded.

25. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

## SECOND CLAIM FOR RELIEF
**(For Recovery of Property -- 11 U.S.C. §§ 544(b), 550)**

26. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

27. As the Defendant is the initial, immediate or mediate transferees of the Transfers, the Plaintiff is entitled to recover for the estate the proceeds or value of the Transfers under section 550 of the Bankruptcy Code.

28. As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. § 547. As Defendant is the initial, immediate or mediate transferee of the Transfers, Plaintiff is entitled to receive for the Estate the proceeds or value of the Transfers under 11 U.S.C. §§ 550 of the Bankruptcy Code.

## THIRD CLAIM FOR RELIEF

**(Objection To Claims)**

29. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

30. As alleged above, each Preferential Transfer constitutes an avoidable transfer pursuant to 11 U.S.C. § 547 of the Bankruptcy Code, which is recoverable pursuant to Bankruptcy Code section 550.

31. As a result of the above, pursuant to Bankruptcy Code section 502(d), the Filed Claims must be disallowed unless and until Defendant pays to the Plaintiff an amount equal to the Transfer that is avoided including pre- and post-judgment interest on the avoided amount.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a. For a determination that the Transfers are avoidable transfers under 11 U.S.C. §§ 544 and 547, as applicable, and that the Plaintiff is entitled to recover the Transfers under 11 U.S.C. § 550 of the Bankruptcy Code;

b. On its Claim Objection, that the Defendant recover nothing by way of the Filed Claims until such preferential transfers are returned;

c. Awarding to the Plaintiff the costs of suit incurred herein, including pre-judgment interest; and

    d.  For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
    March 13, 2020

                */s/ Ilan D. Scharf*
               Ilan D. Scharf, Esquire
               Jeffrey P. Nolan, Esquire
               PACHULSKI STANG ZIEHL & JONES LLP
               780 Third Avenue, 36th Floor
               New York, New York 10017
               Telephone: (212) 561-7700
               Facsimile: (212) 561-7777

               Counsel for the Plaintiff,
               Howard M. Ehrenberg in his capacity as
               Liquidating Trustee of Orion Healthcorp, Inc., *et al*.

<u>SERVICE LIST</u>

Visient Corp. f/k/a Porteck Corporation
Attn: Arvind Walia, CEO
3 Farmwood Lane
Upper Brookville, NY  11545

Porteck Corporation
347 5th Avenue Room 500
New York, NY  10016-5007

Steven Landy & Associates, PLLC
Attn:  Steve Landy, Esq.
270 Madison Avenue, Suite 1400
New York, NY  10016